**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Association for the Advancement of Multijurisdiction Practice; Allison Girvin; and Mark Anderson,<br><br>Plaintiffs,<br><br>v.<br><br>Arizona Supreme Court; Hon. Rebecca White Berch, Chief Justice; Hon. W. Scot Bales, Vice Chief Justice; Hon. John Pelandar; Hon. Robert M. Brutinel,<br><br>Defendants. | No. CV-12-01724-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendants' Motion to Dismiss (Doc. 19), Plaintiffs' Motion to Amend (Doc. 21), Defendants' Motion to Stay Plaintiffs' First Motion for Summary Judgment (Doc. 29) and Defendants' Motion for Extension of Time (Doc. 31). For the reasons discussed below, Defendants' Motion to Dismiss is denied as moot, Plaintiffs' Motion to Amend is granted, Defendants' Motion to Stay is denied and Defendants' Motion for Extension of Time is granted.

### I.    Motion to Amend

Under Rule 15(a)(2), if a party has already amended its pleading once, any subsequent amendments may be made only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." *Id.*; *see also Universal Mortg. Co. v. Prudential Ins. Co.*, 799

F.2d 458, 459 (9th Cir. 1986). Leave to amend should be denied only if "the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit."

Defendants contend that leave to amend should be denied because the amendment would be futile in saving Plaintiffs' suit. (Doc. 22 at 4.) However, Plaintiffs' proposed Second Amended Complaint appears to add at least one claim that would not be dismissed by Defendants' pending Motion to Dismiss. (Doc. 21-1 at ¶¶ 73–76.) Plaintiffs allege that Defendants retaliated against Plaintiff Allison Girvin for exercising her First Amendment right to petition the courts for redress by failing her by one point on the July 2012 Arizona Bar Exam. (*Id.*) Defendants argue that this does not state a claim and that this is a false allegation. (Doc. 22 at 8.) However, state actions designed to retaliate against the exercise of First Amendment rights are actionable under § 1983. *Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314 (9th Cir. 1989). Defendants' counsel's declaration that these allegations are false do not cause this proposed claim to fail. As such, Plaintiffs' proposed amendment is not entirely futile. The Court therefore grants Plaintiffs leave to file their Second Amended Complaint.

Defendants' Motion to Dismiss is dismissed without prejudice to Defendants filing another Motion to Dismiss Plaintiffs' Second Amended Complaint. Furthermore, Defendants' Motion to Stay is denied. Defendants are ordered to respond to Plaintiffs' Motion for Summary Judgment.

**IT IS THEREFORE ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 19) is **DENIED AS MOOT**.

2. Plaintiffs' Motion to Amend (Doc. 21) is **GRANTED**. Plaintiffs are directed to file and serve the Second Amended Complaint within fourteen (14) days of the date of this Order.

3. Defendants' Motion to Stay (Doc. 29) is **DENIED**.

4. Defendants' Motion for Extension of Time (Doc. 31) is **GRANTED**. Defendants shall have to and including **January 18, 2013**, in which to respond to

Plaintiffs' Motion for Summary Judgment (Doc. 28).

Dated this 18th day of December, 2012.

*A. Murray Snow*
/G. Murray Snow
United States District Judge