WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Association for the Advancement of Multijurisdiction Practice; Allison Girvin; Mark Anderson; Mark Kolman, | No. CV-12-01724-PHX-BSB |
| Plaintiffs, | **ORDER** |
| v. | |
| Arizona Supreme Court; Rebecca White Berch; W Scott Bales; John Pelander; Robert M Brutinel, | |
| Defendants. | |

Plaintiffs have filed a motion to submit additional evidence and supplement the record for appeal.  (Doc. 98.)  Defendants oppose the motion.  (Doc. 99.)  After consideration of this matter, the Court denies Plaintiffs' motion.

**I.      Background**

On September 19, 2013, the Court granted Defendants' motion for summary judgment and directed the Clerk of Court to enter judgment in this matter.  (Docs. 96, 97.)  Plaintiffs now seek to supplement the record with the declarations and curricula vitae of Dr. Mark Leary and Dr. Scott E. Paige.  (Doc. 98, Exs. 1-4.)  Plaintiffs assert that these declarations demonstrate that the "tit-for-tat" bar admission rules do not serve a legitimate purpose, but rather are based on a "hard-wired evolutionary need to retaliate for perceived slights."  (Doc. 98 at 2.)  Plaintiffs further contend that the declarations

1   "call into question [the] Court's Commerce Clause conclusion, as well as many other

2   findings Plaintiffs intend to appeal." (*Id.*)

3        In opposition to the motion, Defendants argue that Plaintiffs have not cited any

4   legal authority in support of their request to supplement the record with "inadmissible

5   declarations" for the appellate court's consideration.  Defendants further argue that the

6   declarations should not be considered for appellate review and that they would not affect

7   the outcome of this case.  (Doc. 99.)

8        In their reply, Plaintiffs emphasize that they are not seeking reconsideration of this

9   Court's rulings.  (Doc. 100.)  Specifically, Plaintiffs do not ask this Court to reconsider

10  any of its orders in light of Dr. Leary's and Dr. Paige's declarations.  Plaintiffs opine that

11  "it would be an obvious waste of time for Plaintiffs to file a motion for reconsideration"

12  in this Court.  (*Id.* at 3.)  Rather, Plaintiffs seek to supplement the record to permit the

13  appellate court to consider their claims, including the declarations of Drs. Paige and

14  Leary, "in one fell swoop." (*Id.* at 2.)

15  **II.    Analysis**

16       *A.    "Unusual Circumstances"*

17       Except in "unusual circumstances," the appellate court "consider[s] only the

18  district court record on appeal."  *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003)

19  (stating the general rule against supplementing the record on appeal with materials that

20  were not before the district court except in unusual circumstances).  The Ninth Circuit

21  has described these "unusual circumstances" as later developments that could moot a

22  controversy or divest the court of subject-matter jurisdiction.  *Id.*  The Ninth Circuit has

23  held that "[p]apers not filed with the district court or admitted into evidence by that court

24  are not part of the clerk's record and cannot be part of the record on appeal."  *United

25  States v. Walker*, 601 F.2d 1051, 1054-55 (9th Cir. 1979) (affidavits that "were not part of

26  the evidence presented to the district court" would not be considered on appeal).

27       Plaintiffs are apparently attempting to circumvent this general rule by seeking to

28  supplement the record before the district court with two declarations, which are dated

approximately two months before the Court's order granting Defendants' motion for summary judgment, but were not submitted for filing until after the Court entered judgment. Plaintiffs, however, are not requesting that this Court consider those declarations. Rather, they want to make them part of the record for the appellate court's consideration.

Plaintiffs have not cited any legal authority in support of their request. Furthermore, this request should be directed to the Ninth Circuit Court of Appeals, rather than to this Court. *See Lowry*, 329 F.3d at 1024-25 (stating that "[o]nly the court may supplement the record. "[It is a] basic tenet of appellate jurisprudence . . . that parties may not unilaterally supplement the record on appeal with evidence not reviewed by the court below."). Moreover, even if the Court permitted Plaintiffs to supplement the record with the declarations, those declarations were not part of the record before this Court when it issued its September 19, 2013 Order, which Plaintiffs have appealed. (Doc. 101.) Thus, granting Plaintiffs' motion would be futile because the appellate court generally only considers the record that was before the district court when it made the decision that is at issue on appeal. *See United States v. Walker*, 601 F.2d 1051, 1055 (9th Cir. 1988) ("We are concerned here only with the record before the trial judge when his decision was made"); *Heath v. Helmick*, 173 F.2d 156, 156-57 (9th Cir. 1949) (striking from the record on appeal papers that were filed in the district court after judgment from which the appeal was taken).

### B. Newly Discovered Evidence

Plaintiffs also argue that these declarations are "new evidence [that] was *not* discovered until well after the Summary Judgment Motion and Oppositions were briefed" (Doc. 98 at 3 (emphasis in original)), and that "[t]his newly discovered evidence was not earlier available." (Doc. 100 at 2). Plaintiffs, however, do not argue that these declarations were not available to them before the Court ruled on the pending dispositive motions. Indeed, the declarations are dated approximately two months before the Court's order. In addition, there is nothing in the declarations to suggest that the declarants are

1    offering newly-formed opinions or opinions based on information that was not available

2    before Plaintiffs filed their motion for summary judgment or responded to Defendants'

3    motions.   Therefore, the Court finds that these declarations are not newly discovered

4    evidence and that there are no "unusual circumstances" that would allow Plaintiffs to

5    supplement the record with materials that were not before the Court when it considered

6    the parties' dispositive motions.  *See Lowry*, 329 F.3d at 1024.

7            C.   *Pretrial Conference*

8            Finally, Plaintiffs assert that they "were entirely deprived of a case management

9    conference" (Doc. 98 at 2) and that the Court ""refus[ed] to schedule a case management

10   conference."  (Doc. 100 at 3.)  The parties, however, did not request a pretrial conference

11   at any time, they did not make any request under Federal Rule of Civil Procedure 56(d)

12   for discovery to respond to the pending dispositive motions, and they did they make any

13   other request for discovery or a scheduling order.[1]

14           Instead, Plaintiffs filed a motion for summary judgment before they filed their

15   second amended complaint, which was the operative complaint in this matter, and they

16   asserted that "there is no issue as to any material fact and that they are entitled to

17   judgment as a matter of law."   (Doc. 28 at 1.)   Furthermore, Plaintiffs opposed

18   Defendants' request to stay briefing on summary judgment to allow the Court to first rule

19   on their motion to dismiss.  Plaintiffs asserted that any delay in ruling on their "valid

20   well-documented" motion for summary judgment was "prejudicial" to Plaintiffs.

21   (Doc. 32 at 1-2.)  Plaintiffs sought an immediate ruling and did not express any concerns

22   about the manner in which the case was progressing.

23           Plaintiffs raise this issue for the first time after receiving an adverse ruling and

24   after the entry of judgment.  Plaintiffs do not explain how the Court's case management

25   _____

26           [1]  Plaintiffs filed a complaint (Doc. 1), amended complaint (Doc. 14), and second
     amended complaint.   (Doc. 36.)   Defendants responded with motions to dismiss for
27   failure to state a claim and lack of subject matter jurisdiction.  (Docs. 12, 19, and 52.)
     Before filing their second amended complaint, Plaintiffs filed a motion for summary
28   judgment.   (Doc. 28.)   Defendants did not file an answer to the second amended
     complaint, but instead filed a motion to dismiss for lack of jurisdiction (Doc. 52) and
     later filed a cross-motion for summary judgment.  (Doc. 54.)

prevented them from timely or appropriately submitting declarations to support their motion for summary judgment or to respond to Defendants' motions.  Given the procedural posture of the case, in which dispositive motions were filed at the outset of the case, and the Court was actively involved in setting briefing deadlines and in case management (Docs. 10, 15, 18, 25, 35, 39, 47, 48, 56), Plaintiffs have not shown that a scheduling order would have allowed them to submit additional evidence to support their motion for summary judgment or to respond to Defendants' motions.  Therefore, Plaintiffs have not shown that they should now be allowed to supplement the record for appeal.

**III.   Conclusion**

Plaintiffs were not deprived of any opportunities to fully present their claims to this Court.  In the pending motion, Plaintiffs do not seek any further opportunity to present their claims to this Court.  Rather, they seek to present their claims and additional evidence to the Ninth Circuit Court of Appeals.  Plaintiffs have not cited any legal authority to support their argument that the district court can expand the record solely for the purpose of appellate review, nor have Plaintiffs established any unusual circumstances that would authorize the Court to supplement the record for this purpose.  Therefore, the Court denies Plaintiffs' motion.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Submit Additional Evidence and Supplement the Record for Appeal (Doc. 98) is **DENIED**.

Dated this 18th day of October, 2013.

Bridget S. Bade
United States Magistrate Judge